## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

*Plaintiff*,

vs.

Case No. 12-10211-03-EFM

JUAN JIMENEZ-HUATO,

*Defendant.*

## MEMORANDUM AND ORDER

In 2013, Defendant Juan Jimenez-Huato pleaded guilty to one count of using a communication device to facilitate a drug offense, and one count of using a firearm during and in relation to a drug trafficking offense.[1]  He was sentenced to 108 months in prison.  This matter is before the Court on Jimenez-Huato's motion to vacate sentence under 28 U.S.C. § 2255.  He argues that his sentence should be vacated or reduced in light of the U.S. Supreme Court decision

---

[1] Unfortunately, the plea agreement contains a scrivener's error.  The plea agreement reads: "The defendant agrees to plead guilty to . . . Count 2 of the Information charging a violation of Title 18, United States Code, § 924(c)(1)(A), Use of a Firearm During and in Relation to any Crime of Violence."  However, it is clear that Count 2 charged Jimenez-Huato with using a firearm during and in relation to a drug trafficking offense.  The Superseding Indictment (Doc. 71), the Information (Doc. 140), the Presentence Investigation Report (Doc. 165), and the Judgment (Doc. 174) all reflect that Count 2 was the crime of using a firearm during and in relation to a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A).  Because Jimenez-Huato pleaded in the petition to, and was sentenced for, using a firearm during and in relation to a drug trafficking offense, the Court will treat Count 2 as such.  *See United States v. Davies*, 601 F. App'x 97, 100 (3d Cir. 2015) (concluding that reference to incorrect statute in plea agreement was merely a "scrivener's error" because the correct statute was cited at the plea hearing, in the Presentence Investigation Report, at sentencing, and in the judgment).

*Johnson v. United States*,[2] which found the "residual clause" of the Armed Career Criminal Act ("ACCA") to be unconstitutionally vague.  The Court has carefully reviewed the briefs and the record, including the Presentence Investigation Report ("PSR").  Because the record conclusively shows that Jimenez-Huato is not entitled to relief, the Court denies his motion to vacate (Doc. 191).

## I.    Factual and Procedural Background

On March 26, 2013, Jimenez-Huato entered a plea of guilty to Counts 1 and 2 of the information charging a violation of 21 U.S.C. § 843(b) (use of a communication device to facilitate a drug offense), and 18 U.S.C. § 924(c) (possession of a firearm in furtherance of a drug trafficking crime).  In the plea agreement, Jimenez-Huato acknowledged that for Count 1, the sentence would be a maximum of 4 years imprisonment, and for Count 2, the sentence would be a term of imprisonment between 5 years and life in prison, with the sentence for Count 2 to run consecutive to the sentence for Count 1.

Prior to sentencing, the Probation Office prepared a PSR, which provided that Jimenez-Huato was to be held accountable for using a communication device to facilitate the distribution of 529 grams of methamphetamine.  The PSR calculated that his base offense level for Count 1 was 36 under U.S.S.G. § 2D1.1(c)(2).  Jimenez-Huato's offense level was reduced by 3 levels for accepting responsibility for the offense.  Accordingly, his total offense level for Count 1 was calculated to be 33.  There were no criminal history points assessed against Jimenez-Huato, so he was placed in criminal history category I.  Based upon a total offense level of 33 and a criminal history category of I, the guideline imprisonment range was 135 to 168 months.  However, the

---

[2] 135 S. Ct. 2551 (2015).

statutorily authorized maximum sentence (48 months) was less than the minimum of the applicable guideline range (135 months).  Therefore, the PSR noted that his guideline term of imprisonment for Count 1 was 48 months (the statutory maximum).  For Count 2, the PSR noted that under U.S.S.G. § 2K2.4 and 18 U.S.C. § 924(c)(1)(A)(i), the statutory penalty is at least 5 years, but not more than life, to be served consecutively to any other term of imprisonment imposed.

On June 24, 2013, the Court adopted the PSR without change.  Accordingly, the Court imposed the mandatory maximum sentence of 48 months for Count 1, and the mandatory minimum sentence of 60 months for Count 2—to be served consecutively.  Jimenez-Huato did not file a direct appeal.  On June 27, 2016, Jimenez-Huato filed this present § 2255 motion to vacate.

## II.    Discussion

In his § 2255 motion, Jimenez-Huato cites *Johnson*, which found the "residual clause" of the ACCA to be unconstitutionally vague.[3]  Jimenez-Huato contends that his sentence should be reduced pursuant to 18 U.S.C. § 924(e)(2)(B)(ii).  Specifically, he relies on "[t]he rule in *Johnson*."  This is the entirety of his argument.[4]  The Court acknowledges that it must construe a *pro se* litigant's arguments liberally, but may not begin to serve as his advocate.[5]  Liberally construing the motion, the Court believes that Jimenez-Huato is under the impression that he

---

[3] *Id.* at 2563.

[4] His full argument, without formatting assistance, reads: "Reduce sentence pursuant to 18 U.S.C. § 924(e)(2)(B)(ii).  The rule in Jhonson [sic] v. United States is retroactive and the deadline for filling [sic] is 06.26.2016."

[5] *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

received a 60 month sentence for possessing a firearm in furtherance of a "crime of violence." And now, under *Johnson*, the sentence should be vacated or reduced.[6]

Contrary to Jimenez-Huato's assertions, he was not convicted of possessing a firearm in relation to a "crime of violence" in violation of § 924(c). That provision provides for a minimum five-year sentence if a person uses or carries a firearm "during and in relation to any crime of violence *or drug trafficking crime* . . . ."[7] Jimenez-Huato was convicted of possessing and carrying a firearm in relation to a "drug trafficking crime."[8] While § 924(c)(1)(A) prohibits possessing and carrying a firearm in relation to a "crime of violence," his conviction did not rely on that portion of the statute. Accordingly, *Johnson* has no potential impact in this case.[9]

Even if *Johnson* were applicable, there is no relief available to Jimenez-Huato. He received the statutory minimum sentence (5 years imprisonment) for the 924(c) offense, and the law requires that the sentence must run consecutive to the use of a communication device in furtherance of a drug trafficking offense.[10] Because he received the lowest possible sentence he

---

[6] The Court encountered this exact argument in a recent case with nearly identical facts. See *United States v. Marquez-Bencomo*, No. 13-10134-EFM, ECF No. 62, at *3–4 (D. Kan. Dec. 2, 2016). This leads the Court to believe that Jimenez-Huato is arguing that under *Johnson*, the sentence he received for possessing a firearm in relation to a "crime of violence" is invalid. While Jimenez-Huato's plea agreement did state that he was pleading guilty to the crime of possessing a firearm in relation to a crime of violence, this was a scrivener's error. He was, in fact, charged with and sentenced to 60 months imprisonment for the crime of possessing a firearm in furtherance of a drug trafficking crime. *See supra* note 1.

[7] 18 U.S.C. § 924(c)(1)(A) (emphasis added).

[8] *See supra* note 1.

[9] *See United States v. Teague*, 2016 WL 4400069, at *1 (10th Cir. Aug. 17, 2016) ("However, [the prisoner] was actually convicted of possessing a firearm during and in relation to a drug trafficking crime under § 924(c)—not a 'crime of violence.' Accordingly, even if *Johnson* extends to § 924(c), [the prisoner's] sentence is unaffected and he is not entitled to [relief].").

[10] *See* 18 U.S.C. § 924(c) (providing a minimum sentence of 5 years imprisonment for using or carrying a firearm in relation to a drug trafficking crime, which must be consecutive to any other sentence).

could receive under the law, relief in the form of a sentence modification is not available to him. Thus, Jimenez-Huato is not entitled to have his sentence vacated or reduced.

As a final matter, under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.[11]  To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[12]  For the reasons stated above, the Court finds that Jimenez-Huato has not satisfied this standard.  The Court therefore denies a certificate of appealability as to its ruling on this motion.

### III.    Conclusion

After carefully reviewing the record, the Court concludes that Jimenez-Huato is not entitled to have his sentence reduced or vacated.  The record shows that his sentence was properly calculated in the PSR, and the mandatory minimum sentence under § 924(c)(1)(A) was properly applied.

**IT IS THEREFORE ORDERED** that Jimenez-Huato's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is **DENIED.**

---

[11] 28 U.S.C. § 2253(c)(2).

[12] *Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)).

**IT IS FURTHER ORDERED** that a Certificate of Appealability Under Rule 11 is

**DENIED.**

**IT IS SO ORDERED**.

Dated this 7th day of December, 2016.


*Eric F. Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE